IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02388-MSK-KMT

**JENNIFER DOROUGH,**

Plaintiff,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation; and GEICO CASUALTY COMPANY, a Maryland corporation**

Defendants.

---

### STIPULATED PROTECTIVE ORDER
---

Pursuant to the stipulation of the Plaintiff, Jennifer Dorough, Defendant, American Family Insurance Company, and Defendant, GEICO Casualty Company, IT IS ORDERED: Defendant American Family Mutual Insurance Company may produce certain documents to Plaintiff, stamped CONFIDENTIAL or HIGHLY CONFIDENTIAL - OCCO and containing bates labels beginning with **AF Confidential Documents_000001**, which it considers privileged, confidential, proprietary, competitively sensitive and trade secret. The production and use of such documents in this case will be conducted pursuant to the following:

1. Counsel for Defendant American Family must review documents and certify that the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OCCO" is based on a good faith belief that the information is confidential or otherwise entitled to protection. All such documents shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OCCO" by Defendant American Family. It is agreed that the documents so designated are subject to this Protective Order (hereinafter referred to as "documents").

2. "CONFIDENTIAL" information shall include any Discovery Materials which the

EXHIBIT 1

producing party or non-party reasonably and in good faith believes not to be in the public domain and contains any trade secret or other confidential or proprietary strategic, research, development, or commercial information.

3. "HIGHLY CONFIDENTIAL – OCCO" information shall include any documents which the producing party or non-party reasonably and in good faith believes to be so competitively sensitive that it is entitled to extraordinary protections and shall be produced to Outside Counsel and Consultants Only ("OCCO") but not to the parties or their in-house counsel.

4. Documents, materials and/or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OCCO" shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. A party may object to the designation of particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OCCO" information by giving written notice to the party designating the disputed information within ten (10) business days of receipt of the document. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OCCO" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OCCO" under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OCCO" shall bear the

burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OCCO."

6. Plaintiff and her counsel agree that the documents and the information obtained from the documents shall not be released to any other person or entity for any purpose, with the exception of an individual certified by Plaintiff's counsel as employed by or assisting counsel in preparation for or at the trial of this action or a person who is expressly retained by Plaintiff or her counsel for the purpose of testifying or giving opinions in this litigation, including Plaintiff's insurance claims expert, but only to the extent necessary for such person to perform his or her assigned tasks in connection with this litigation.

7. Counsel for Plaintiff shall first obtain a written agreement from each individual, identified under paragraph 6 of this Protective Order, who will review any or all of the documents or receive information therefrom that they agree to hold all such documents in confidence and agree to the terms and conditions set forth in **Exhibit A**, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose. The written agreement shall be in the form attached hereto as **Exhibit A**.

8. In the event of a deposition of a non-party or a party, or one of its present or former officers, directors, employees, agents, or an independent expert retained for purposes of this litigation, it is agreed that any confidential documents or information obtained therefrom is confidential and the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this litigation.

9. Counsel for Plaintiff shall maintain a list of all persons to whom the confidential information covered by this Protective Order has been shown, to whom copies have been

provided, and who have agreed to the terms of this Protective Order. Counsel's list shall also identify, by number, all documents copied and the number of copies provided to each person.

10. At the conclusion of the action, counsel for Plaintiff will promptly furnish to counsel for Defendant American Family, Sutton | Booker | P.C., a letter which identifies all persons or entities to whom documents or information has been disclosed along with a copy of the list maintained pursuant to paragraph 9 and a copy of the written agreement regarding confidentiality obtained from each person or entity. Counsel for Plaintiff will return to counsel for Defendant American Family, Sutton | Booker | P.C., within 30 days of the conclusion of this case, the original documents plus all copies or reproductions of any kind made from the documents.

11.     Any request to restrict access must comply with the requirements of D.C.Colo.LCivR 7.2. Particularly, any documents containing Confidential information that are to be filed with the Court by either party must be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2. The filing party must simultaneously give written notice to the opposing party when filing Confidential information. Any party may file a motion to restrict access in accordance with D.C.Colo.LCivR 7.2(c). Confidential information filed with the Court or used in any court proceeding in connection with this action shall not lose its status through such use. To the extent that the requirements of this paragraph are inconsistent with any applicable local rules concerning the filing of restricted documents, then the local rules shall govern.

12. The production of such documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

13. This Protective Order survives this case for the purpose of enforcement.

Date: March 14, 2016

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

Approved as to fonn:

_____
Thomas G. Tasker
HILLYARD, WAHLBERG, KUDLA,
SLOANE & WOODRUFF, LLP
4601 DTC Blvd., Ste. 950
Denver, CO 80237
303-571-5302
*Afforneys for Plaintfl*


Debra K. Sutton
Charles R Scheurich
SUTTON BOOKER, P.C.
4949 S. Syracuse St., Suite 520
Denver CO 80237
303-730-6204
*Attorneys for Defendant American Fam;/y*


_____
Christopher T. Colby
JOHNSON & STEPHENS, P.C.
4809 Cole Avenue, Suite 260
Dallas. TX 75205
214-552-2866
*Afforneys fhr Defendanl GR/('0*

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

Approved as to fonn:

_____
Thomas G. Tasker
HILLYARD, WAHLBERG, KUDLA,
SLOANE & WOODRUFF, LLP
4601 DTC Blvd., Ste. 950
Denver, CO 80237
303-571-5302
*Attorneys for Plaintiff*

_____

**Jennifer Dorough v. American Family Mutual Insurance Company** *et. al.*
**No. 1:15-cv-02388-MSK-KMT**

**COMMITMENT OF QUALIFIED PERSON PURSUANT
TO PROTECTIVE ORDER**

My full name is: _____

My address is: _____

My present employer is: _____

My present occupation or job description is: _____

I hereby affirm that:

1. I have received or reviewed documents stamped CONFIDENTIAL or HIGHLY CONFIDENTIAL - OCCO and containing the bates label "AF Confidential Documents." I will not reproduce or transfer any of the documents I reviewed or received.

2. I have received and read a copy of the Stipulated Protective Order entered in the action entitled Jennifer Dorough v. American Family Mutual Insurance Company *et. al.*, Case Number No. 15-cv-02388-MSK-KMT.

3. I understand the terms thereof and agree to be bound thereby. I will not disclose any information from the documents to persons not identified in paragraphs 6 and 7 of the Confidentiality Agreement. I will use any such information only with respect to this case;

4. I will return all documents that come into my possession and all documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me; and

5. I am aware that a violation of such an agreement may result in civil liability. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

DATED this _____ day of _____, 20 ___.

By: _____

**Exhibit A**