## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02388-MSK-KMT

**JENNIFER DOROUGH,**

Plaintiff,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation; and GEICO CASUALTY COMPANY, a Maryland corporation**

Defendants.

---

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

---

WHEREAS, this lawsuit (the "Litigation") may involve the disclosure and/or production of documents and/or information that Defendant Government Employees Insurance Company ("Defendant" or "Defendant GEICO") believes contain "Confidential" or "Highly Confidential" information such as (1) Defendant's confidential, nonpublic, commercially-sensitive financial, business, or analytical information, or proprietary information and data; (2) trade secret or other confidential research, development or other commercial information of Defendant under Federal Rule of Civil Procedure 26(c)(1)(G); (3) the confidential, nonpublic, private health, financial or other information of Defendant's policyholders, insureds, claimants and/or employees or former employees that may be protected by state and/or federal law or by contract; and/or (4) the confidential, proprietary, commercially-sensitive, and/or trade secret information of a third party.

WHEREAS, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material required by law or otherwise entitled or required to be kept confidential, the production and use of "Confidential" or "Highly

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER—Page 1**

Confidential" information or documents shall be governed by the following confidentiality and protective order.

It is therefore hereby ORDERED that the following provisions shall govern claims of confidentiality and confidential information in this proceeding:

1.      "Confidential" information means information of any type, kind, or character that the designating party or non-party reasonably believes in good faith to be confidential and which is designated as "Confidential" by Defendant GEICO, such as (1) Defendant's confidential, nonpublic, commercially-sensitive financial, business, or analytical information, or proprietary information and data; (2) trade secret or other confidential research, development or other commercial information of Defendant under Federal Rule of Civil Procedure 26(c)(1)(G); (3) the confidential, nonpublic, private health, financial or other information of Defendant's policyholders, insureds, claimants and/or employees or former employees that may be protected by state and/or federal law or by contract; and/or (4) the confidential, proprietary, commercially-sensitive, and/or trade secret information of a third party

2.      "Highly Confidential: AEC" information means and includes any and all Confidential information that the designating party or non-party reasonably believes in good faith that disclosure to any receiving party or any other entity would likely cause serious competitive harm to the designating party such that it is entitled to extra-ordinary protections and thus shall only be produced for outside Attorney's Eyes/Consultants Only ("AEC") but not to the parties or their in-house counsel.

3.      "Confidential" or "Highly Confidential: AEC" information shall be used solely for the purposes of this Litigation only, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation, claim or

proceeding. "Confidential" or "Highly Confidential: AEC" information shall not be revealed, disclosed or made available for inspection or copying to any person except under the terms of this Order or as required to be disclosed by the Court.

4.    A party may object to the designation of particular "Confidential" or "Highly Confidential: AEC" information by giving written notice to the party designating the disputed information within ten (10) business days of receipt of the document.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" or "Highly Confidential: AEC" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as "Confidential" or "Highly Confidential: AEC" under the terms of this Confidentiality and Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as "Confidential" or "Highly Confidential: AEC" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

5.    Plaintiff and her counsel agree that the documents and the information obtained from the documents shall not be released to any other person or entity for any purpose, with the exception of an individual certified by Plaintiff's counsel as employed by or assisting counsel in preparation for or at the trial of this action or a person who is expressly retained by Plaintiff or her counsel for the purpose of testifying or giving opinions in this litigation, including Plaintiff's insurance claims expert, but only to the extent necessary for such person to perform his or her assigned tasks in connection with this litigation.

6.     Counsel for Plaintiff shall first obtain a written agreement from each individual, identified under paragraph 5 of this Confidentiality and Protective Order, who will review any or all of the documents or receive information therefrom that they agree to hold all such documents in confidence and agree to the terms and conditions set forth in **Exhibit A**, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose.  The written agreement shall be in the form attached hereto as **Exhibit A**.

7.     In the event of a deposition of a non-party or a party, or one of its present or former officers, directors, employees, agents, or an independent expert retained for purposes of this litigation, it is agreed that any confidential documents or information obtained therefrom is confidential and the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this Litigation.

8.     At the time of deposition or within 30 days after receipt of the deposition transcript, Defendant may designate as Confidential specific portions of the transcript which contain Confidential matters under the standards set forth in paragraphs 1 and 2 above.  This designation shall be in writing and served upon opposing counsel.  Transcripts will be treated as Confidential for this 30 day period. Any portions of a transcript designated Confidential shall thereafter be treated as Confidential in accordance with this Protective Order.

9.     If there is a claim that of inadvertent disclosure of information or documents subject to the terms of this Order, such disclosure shall not constitute a waiver of the claim of Confidentiality if the producing party provides written notice of the inadvertent disclosure to each receiving party within fourteen (14) days of becoming aware of the inadvertent disclosure. The producing party reserves all rights to seek the return or destruction of all such information or

documents and to preclude the further use or disclosure thereof.  If written notice of such inadvertent disclosure is provided within 14 days of the producing party becoming aware of the relevant inadvertent disclosure, then, upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing or producing party claims it inadvertently disclosed, and, if requested in writing to do so, certify in writing to the producing party that it has done so.

10.    Counsel for Plaintiff shall maintain a list of all persons to whom the confidential information covered by this Confidentiality and Protective Order has been shown, to whom copies have been provided, and who have agreed to the terms of this Confidentiality and Protective Order.  Counsel's list shall also identify, by number, all documents copied and the number of copies provided to each person.

11.    At the conclusion of the action, counsel for Plaintiff will promptly furnish to counsel for Defendant GEICO, JOHNSON & STEPHENS, P.C., a letter which identifies all persons or entities to whom documents or information has been disclosed along with a copy of the list maintained pursuant to paragraph 10 and a copy of the written agreement regarding confidentiality obtained from each person or entity.  Counsel for Plaintiff will return to counsel for Defendant GEICO, JOHNSON & STEPHENS, P.C, within 30 days of the conclusion of this Litigation, the original documents plus all copies or reproductions of any kind made from the documents.

12.    Any request to restrict access must comply with the requirements of D.C.Colo.LCivR 7.2.  Particularly, any documents containing Confidential information that are to be filed with the Court by either party must be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2.  The filing party must simultaneously give written notice to the

opposing party when filing Confidential information.  Any party may file a motion to restrict access in accordance with D.C.Colo.LCivR 7.2(c).  Confidential information filed with the Court or used in any court proceeding in connection with this action shall not lose its status through such use.  To the extent that the requirements of this paragraph are inconsistent with any applicable local rules concerning the filing of restricted documents, then the local rules shall govern.

13.    The production of such documents or information by the parties shall not constitute a waiver of any privilege, including but not limited to the attorney-client privilege or work product doctrine, or claim or right of withholding or confidentiality.

14.    The provisions of this Confidentiality and Protective Order shall continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom.  This Court shall retain jurisdiction to enforce, modify or terminate all or any part of the terms of this Confidentiality and Protective Order until termination of this case. Any party or person who received Confidential information or documents covered by this Confidentiality and Protective Order agrees to submit the jurisdiction of this Court with respect to any dispute involving the subject matter of this Confidentiality and Protective Order.

IT IS SO ORDERED this ___23rd__ day of __March_____, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER—Page 6**

Approved:


/s/Thomas G. Tasker  *w/p crc*

Thomas G. Tasker
HILLYARD, WAHLBERG, KUDLA,
SLOANE & WOODRUFF, LLP
4601 DTC Blvd., Ste. 950
Denver, CO 80237
303-571-5302
*Attorneys for Plaintiff*

Christopher T. Colby
JOHNSON & STEPHENS, P.C.
4809 Cole Avenue, Suite 260
Dallas TX 75205
214-552-2866
*Attorneys for Defendant GEICO*


Debra K. Sutton
Charles R. Scheurich
SUTTON BOOKER, P.C.
4949 S. Syracuse St., Suite 520
Denver CO 80237
303-730-6204
*Attorneys for Defendant American Family*


**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER—Page 7**

Approved:

_____
Thomas G. Tasker
HILLYARD, WAHLBERG, KUDLA,
SLOANE & WOODRUFF, LLP
4601 DTC Blvd., Ste. 950
Denver, CO 80237
303-571-5302
*Attorneys for Plaintiff*

_____
Debra K. Sutton
Charles R. Scheurich
SUTTON BOOKER, P.C.
4949 S. Syracuse St., Suite 520
Denver CO 80237
303-730-6204
*Attorneys for Defendant American Family*

_____
Christopher T. Colby
JOHNSON & STEPHENS, P.C.
4809 Cole Avenue, Suite 260
Dallas TX 75205
214-552-2866
*Attorneys for Defendant GEICO*

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER—Page 7**

## EXHIBIT A
## TO STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

ACKNOWLEDGMENT OF
STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

*Dorough v. American Family Mutual Ins. Co., and GEICO*
No. 15-cv-02388-MSK-KMT, U.S. DISTRICT COURT, DISTRICT OF COLORADO

1.      My full name is _____ .

2.      My address is _____ .

3.      My present employer is _____ .

4.      My present occupation or job description is _____ .

5.      I have received a copy of the Stipulated Confidentiality and Protective Order entered in Case No. 15-cv-02388-MSK-KMT, U.S. District Court, District of Colorado. I have carefully read and understand the provisions of the Stipulated Confidentiality and Protective Order. I will comply with all of the provisions of the Stipulated Confidentiality and Protective Order.

6.      I will not disclose any Confidential Documents or Confidential Information I may receive to any persons, except as allowed under this Stipulated Confidentiality and Protective Order. I will use any such Confidential Documents and Confidential Information only with respect to my services in Case No. 15-cv-02388-MSK-KMT, U.S. District Court, District of Colorado.

7.      I will either destroy or return all Confidential Documents and Confidential Information that comes into my possession to the attorney representing the party that has employed or retained me or who provided such documents to me.  I will likewise destroy or provide all documents or notes which I have prepared which contain or reference such Confidential Documents or Information to such attorney.  I will provide a written statement to such attorney that I have either returned or destroyed all copies of Confidential Documents or Information along with any notes or documents I have created which reference said Confidential Documents or Information.

8.      I agree to submit to the jurisdiction of the United States District Court, State of Colorado, for the purposes of enforcement of this Stipulated Confidentiality and Protective Order.


DATED this _____ day of _____, 20_____ .


_____
Signature


**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER—Page 8**