IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02388–MSK–KMT

JENNIFER DOROUGH,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, and
GEICO CASUALTY COMPANY, a Maryland corporation,

      Defendants.

---

## ORDER

---

This matter is before the court on "Plaintiff's Motion to Amend Complaint (Opposed in Part)." (Doc. No. 27 ["Mot."], filed February 18, 2016.) Defendant has filed a Response (Doc. No. 30 ["Resp."], filed March 10, 2016), to which Plaintiff has replied. (Doc. No. 37 ["Reply"], filed March 21, 2016.)

## BACKGROUND

On February 1, 2012, Plaintiff was injured in a motor vehicle accident while riding as a passenger in Brittany Loranc's vehicle. (Doc. No. 3 ["Comp."] at 2; Mot. at 2.) The accident was caused by the driver of a second vehicle, Mathew O'Donnell. (Comp. at 2.) On September 24, 2013, Plaintiff received payment of $100,000, which represented the liability limits under Mr. O'Donnell's insurance policy. (*Id.*) At the time of the collision, Ms. Loranc had Underinsured Motorist (UIM) coverage with Defendant American Family Mutual Insurance

Company ("American Family") with per-person limits of $50,000 and UIM coverage with

Defendant GEICO Casualty Company ("GEICO") with per-person limits of $50,000.  (*Id.*)

American Family and GEICO UIM coverage were co-primary.  (*Id.*)  It is undisputed between

the parties that, as a passenger in Ms. Loranc's vehicle, Plaintiff was covered as an insured under

each of these policies.  (Mot. at 2.)

   According to the Complaint, under their respective UIM coverage, American Family and

GEICO were required to pay Plaintiff all sums she was legally entitled to recover as

compensatory damages from O'Donnell up to the respective UIM policy limits, less the

$100,000 policy-limit settlement she received from O'Donnell.  (Comp. at 2.)  Plaintiff made a

claim for UIM benefits under each policy and each company denied the same.  (*Id.*)  Plaintiff

subsequently brought this action asserting claims for breach of contract, statutory relief under

Colo. Rev. Stat. §§ 10-3-1115, 10-3-1116, and bad faith breach of contract against each

company.  (*Id.* at 2-5.)

   By this Motion, Plaintiff seeks leave to amend her Complaint in order to: (1) substitute

Government Employees Insurance Company for GEICO as the proper party defendant in this

matter and (2) assert a claim for declaratory judgment to reform the underlying Government

Employees Insurance Company's insurance policy to include UIM coverage with a limit of

$100,000, rather than the $50,000 per person limit currently on the policy (the "reformation

claim").  The parties agree that Government Employees Insurance Company is the company that

issued the insurance policy at issue ("GEICO policy"), and GEICO is the entity responsible for

adjusting Plaintiff's UIM claim.  (Mot. at 2; Resp. at 1.)  Thus, GEICO does not object to

Plaintiff's request to substitute Government Employees Insurance Company as the proper party

defendant.  (Resp. at 1.)  GEICO does, however, object to Plaintiff's request to amend the

Complaint in order to add the reformation claim.  (Resp. at 2-6.)

## ANALYSIS

Under Federal Rule of Civil Procedure 15(a), a court should allow a party to amend its

pleadings "when justice so requires."  The grant or denial of an opportunity to amend is within

the discretion of the court, but "outright refusal to grant the leave without any justifying reason

appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc*., 3 F.3d

1357, 1365 (10th Cir. 1993).  Further, the non-moving party bears the burden of showing that the

proposed amendment satisfies any of these justifications.  *Jefferson Cnty. Sch. Dist. No. R-1 v.

Moody's Invr.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

In seeking to add the reformation claim, Plaintiff relies upon Colo. Rev. Stat. § 10-4-

609(2), which provides that before a car insurance policy "is issued or renewed, the insurer shall

offer the named insured the right to obtain uninsured motorist coverage in an amount equal to the

insured's bodily injury liability limits, but in no event shall the insurer be required to offer limits

higher than the insured's bodily injury liability limits."  Colorado courts have interpreted this

statute "as creating a one-time duty upon an insurer to notify an insured of the nature and

purpose of UM/UIM coverage and to offer the insured the opportunity to purchase such coverage

in accordance with the insurer's rating plan and rules and in an amount equal to the insured's

bodily injury liability limits but in no event in excess of $100,000 per person and $300,000 per accident, whichever is less." *Allstate Ins. v. Parfrey*, 830 P.2d 905, 912 (Colo. 1992). Determining whether the insurer has discharged its statutory duty under § 10-4-609(2) to notify the insured of the availability of higher UIM coverage and to offer such coverage "must be resolved by considering the totality of the circumstances." *Id.* at 914. "[A] court may appropriately consider such factors as the clarity with which the purpose of UM/UIM coverage was explained to the insured, whether the explanation was made orally or in writing, the specificity of the options made known to the insured, the price at which the different levels of UM/UIM coverage could be purchased, and any other circumstances bearing on the adequacy and clarity of the notification and offer." *Id.* at 913.

According to Plaintiff, in order to fulfill the statutory duty set forth in § 10-4-609(2), GEICO provides an "Option Form" to its customers that provides information to the insured about UM/UIM coverage and directs the insured to select the UM/UIM coverage they desire. (Mot. at 3.) GEICO does not appear to dispute that the Option Form represents its means of complying with § 10-4-609(2). (Resp. at 4.) Plaintiff further contends GEICO has been unable to produce any Option Forms provided to and/or signed by Ms. Loranc. (Mot. at 3.) Plaintiff asserts the evidence will show GEICO did not perform its duty of notification and offer under § 10-4-609(2) in a manner reasonably calculated to permit Ms. Loranc to make an informed decision about whether to purchase UM/UIM coverage at the same limit as liability coverage. (*Id.*)

GEICO raises futility and prejudice as the bases for denying Plaintiff's request to amend. (Resp. at 2, 5.) Beginning with the former, "[t]he futility question is functionally equivalent to

the question of whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.1999); *see also Meadows at Buena Vista, Inc., v. Arkansas Valley Pub. Co.*, No. 10–cv–02871–MSK–KMT, 2012 WL 502688, at *2 (D. Colo. Feb. 15, 2012) (applying the 12(b)(6) standard to a motion to amend and explaining, "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. . . . The relevant standard in determining whether claims are futile is the same standard that is applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

GEICO first argues the addition of Plaintiff's reformation claim is futile because § 10-4-609(2) does not require an insurer to secure a writing on which the insured selects a lower amount of UIM coverage.  (Resp. at 3.)  Although Plaintiff's Motion does appear to state that such a requirement applies, s*ee* Mot. at 3, ¶ 11, Plaintiff clarified her position in her Reply. (Reply at 5-7.)  Plaintiff explained that GEICO intended the signed Option Form to be a method of showing it had complied with its statutory duty, the Option Form does not adequately notify GEICO's customers of equal UIM limits as required by the statute, and that, in any event, it does not appear the Option Form was ever provided to Ms. Loranc.  (*Id*.)  Disputed questions of fact regarding whether Ms. Loranc ever received the Option Form and/or whether the Option Form adequately informs insureds of their right to obtain UIM coverage in equal amounts to the insured's own bodily-injury liability limits are questions properly presented to the trier of fact. They are not a basis to deny Plaintiff's request to assert the underlying claim in the first place.

Next, GEICO contends the court should deny Plaintiff's request because she has not produced any supporting documentation for her position.  (Resp. at 4.)  However, this argument erroneously shifts the burden to prove futility to Plaintiff, illustrated by the fact that it essentially

requires her to prove a negative – the nonexistence of a document.  *See Jefferson Cnty. Sch. Dist.*, 175 F.3d at 859 (noting non-moving party bears burden of showing proposed amendment is futile); *Toy v. Am. Family Mut. Ins. Co.*, No. 12-cv-01683-PAB-MJW, 2013 WL 1324903, at *1 (D. Colo. April 1, 2013) (citing *Winner v. Etkin & Co., Inc.*, No. 2:07–cv–903, 2008 WL 5429623, at *2 (W.D.Pa. Dec. 31, 2008) (noting that a party "cannot be required to 'prove a negative' by demonstrating that non-existent documents do not exist")).

GEICO also bases several arguments on its erroneous assertion that Plaintiff agreed in her Motion that GEICO provided the Option Form to Ms. Loranc during the time the GEICO policy was in effect.  (*Id.*)  As Plaintiff points out in her Reply and the court's careful reading of the Motion confirms, Plaintiff never made such an assertion and instead, stated that although GEICO was providing the Option Form to its customers during the relevant time period, there is no evidence it had provided the same to Ms. Loranc.  (Mot. at 3; Reply at 4.)

GEICO relies on *Stickley v. State Farm Mut. Auto. Ins. Co.*, 402 F. Supp. 2d 1226 (D. Colo. 2005) for the proposition that reformation of a written instrument is appropriate only when the instrument does not represent the true agreement of the parties.  (Resp. at 3.)  It is GEICO's position that because Plaintiff's reformation claim would go beyond merely giving effect to the parties' actual intentions, it is not appropriately asserted herein.  (*Id.*)  However, although the *Stickley* court did note the general principle GEICO asserts, the court also noted that "when . . . an insurer fails to offer the insured optional coverage that satisfies [the statute], additional coverage in conformity with the offer mandated by statute will be incorporated into the policy. Essentially, when a policy is violative of a statute, reformation is the required remedy to assure that coverage will meet the statutory minimums."  *Stickley*, 402 F. Supp. 2d at 1236 (internal

quotations and citations omitted).  Thus, if Plaintiff is successful in establishing GEICO failed to

fulfill its statutory duty under § 10-4-609(2), reformation is likely the appropriate remedy.  *Id.*

Finally, GEICO also argues Plaintiff's proposed reformation claim is prejudicial.  (Resp.

at 5-7.)  "Most often, [prejudice] occurs when the amended claims arise out of a subject matter

different from what was set forth in the complaint and raise significant new factual issues."

*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006).  GEICO contends it would

be prejudicial to allow Plaintiff's reformation claim because it is unrelated to the underlying

claim regarding UIM coverage benefits and therefore, "would require GEICO to expend

significant, additional time and resources defending in discovery and to prepare for trial on

another, wholly separate and distinct issue . . . ."  (Resp. at 6.)  The court disagrees.  Plaintiff has

asserted claims based on GEICO's denial of coverage under the UIM portion of the GEICO

policy.  Rather than being unrelated, the proper amount of UIM coverage is inextricably related

to the claim itself.  As GEICO acknowledges, "[I]f the Court[] grants Plaintiff's Motion to

Amend, Plaintiff would be afforded a chance to seek additional UM/UIM limits from GEICO."

(Resp. at 6.)

Accordingly, it is

**ORDERED** that "Plaintiff's Motion to Amend Complaint (Opposed in Part)" (Doc. No.

27) is **GRANTED**.

Dated this 11th day of April, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge