IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-cv-02388-MSK-KMT

JENNIFER DOROUGH,

Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation

Defendant.

**PLAINTIFF'S AMENDED FIRST NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO THE DEFENDANT AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on November 11, 2016, commencing at 9:00 a.m., CST, Plaintiff's counsel will take the Defendant's deposition pursuant to Fed. R. Civ. P. 30(b)(6). The deposition will be conducted before a certified shorthand reporter and videographer at JOHNSON & STEPHENS, P.C., 4809 Cole Avenue, Suite 260, Dallas, Texas 75205.

With respect to each of the matters for examination set forth below, GEICO shall designate one or more of its officers, directors, or managing agents, or other persons who consent to testify on GEICO's behalf, to give binding testimony about information known or reasonably available to GEICO:

1. GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, regarding the



investigation of Colorado UIM claims; and (a) whether GEICO fully complied with same in handling Plaintiff's UIM claim, and (b) if not, why not.

2. GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, regarding the evaluation of Colorado UIM claims; and (a) whether GEICO fully complied with same in handling Plaintiff's UIM claim, and (b) if not, why not.

3. GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, regarding the negotiation and payment of Colorado UIM claims; and (a) whether GEICO fully complied with same in handling Plaintiff's UIM claim, and (b) if not, why not.

4. GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, regarding the avoidance of liability under C.R.S 10-3-1115 and 1116; and (a) whether GEICO fully complied with same in handling Plaintiff's UIM claim, and (b) if not, why not.

5. GEICO's knowledge, during the pendency of Plaintiff's UIM claim, regarding industry standards pertaining to the good-faith handling of Colorado UM/UIM claims; and identification of any documents the designated deponent used to prepare to testify about this subject.

6. GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, pertaining to the education and training of its Colorado UM/UIM claim personnel and managers; and

identification of any documents the designated deponent used to prepare to testify about this subject.

7. The training and education Amy Akins received from GEICO during the five years preceding her last work on Plaintiff's UIM claim, regarding the handling of Colorado UM/UIM claims, including identification of all written materials used for this purpose.

8. The training and education Eddie McKee received from GEICO during the five years preceding his last work on Plaintiff's UIM claim, regarding the handling of Colorado UM/UIM claims, including identification of all written materials used for this purpose.

9. The training and education Austin Bratton received from GEICO during the five years preceding his last work on Plaintiff's UIM claim, regarding the handling of Colorado UM/UIM claims, including identification of all written materials used for this purpose.

10. The training and education Branden Clegg received from GEICO during the five years preceding his last work on Plaintiff's UIM claim, regarding the handling of Colorado UM/UIM claims, including identification of all written materials used for this purpose.

11. The number of claim files Amy Akins was responsible for supervising during her work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.

12. The number of claim files Eddie McKee was responsible for handling during his work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.

13. The number of claim files Austin Bratton was responsible for handling during his work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.

14. The number of claim files Branden Clegg was responsible for handling during his work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.

15. GEICO's supervision of Amy Akins' work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.

16. Whether GEICO contends in this action that Plaintiff failed to meet her contractual duty to cooperate in connection with her UIM claim; and if so, the specific respects in which GEICO contends that Plaintiff failed to meet her duty to cooperate.

17. The number, nature, and outcome of other lawsuits that have been filed against GEICO during the past five years in which it was alleged that GEICO breached its duty of good faith and fair dealing and/or violated C.R.S. 10-3-1115/1116 in connection with a Colorado UM/UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.

WAHLBERG, WOODRUFF, NIMMO
& SLOANE, LLP

/s/ Thomas G. Tasker
Thomas G. Tasker, #11556, Of Counsel
4601 DTC Boulevard, Suite 950
Denver, CO 80237
(303) 571-5303
tom@denvertriallawyers.com

4

Attorneys for Plaintiff
*Duly authorized signature on file in the offices of*
*Wahlberg, Woodruff, Nimmo & Sloane, LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 25, 2016, a true and correct copy of this document was sent via email to the following:

Christopher T. Colby
Johnson & Stephens, P.C.
4809 Cole Avenue, Suite 260
Dallas, Texas 75205
ccolby@jslawfirm.com
Attorneys for Defendant GEICO

/s/Noemi Nunez
_____
Noemi Nunez