IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02388-MSK-KMT

**JENNIFER DOROUGH,**

Plaintiff,

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation**

Defendant.



---

**DEFENDANT'S OBJECTIONS AND DESIGNATIONS TO
PLAINTIFF'S AMENDED FIRST NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

---

Defendant Government Employees Insurance Company ("GEICO" or "Defendant") hereby submits its Objections and Designations to Plaintiff's Amended First Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) ("Amended First Notice"), and states as follows:

**I.
GENERAL OBJECTIONS**

1.     GEICO objects to Plaintiff's deposition topics in her Amended First Notice if they request information protected from disclosure by the attorney/client privilege, the work-product doctrine, or any other applicable privilege. GEICO will not provide testimony concerning privileged matters.

2.     GEICO objects to Plaintiff's deposition topics in her Amended First Notice in seeking information that constitutes confidential, proprietary, or commercially-sensitive information or materials of Defendant or of a third party who has a contract with Defendant. Any confidential information provided in response to such topics will be governed by the terms of the Stipulated Confidentiality and Protective Order, and GEICO places Plaintiff on notice that it may designate portions, if not all, of the requested deposition testimony as confidential.

3.     GEICO objects to Plaintiff's deposition topics in her Amended First Notice if seeking information and/or material about GEICO, its practices, and/or its operations outside of the State of Colorado. Such information does not relate to a claim or defense of any party in this lawsuit, is not relevant to the subject matter of this lawsuit, is not reasonably calculated to lead to

the discovery of admissible evidence in this lawsuit, and is not proportional to the needs of the case.

4.     The testimony by a representative or GEICO in response to Plaintiff's deposition topics regarding or referring to a policy or practice does not constitute a statement or admission that the information represents a nationwide practice.

5.     GEICO objects to Plaintiff's deposition topics in her Amended First Notice if requesting information regarding coverages other than uninsured/underinsured motorists ("UM/UIM") coverage.

6.     By presenting a GEICO representative to provide testimony concerning Plaintiff's deposition topics, GEICO does not waive these general objections, or any defense that GEICO has asserted or may assert in this lawsuit, and GEICO does not concede that the information requested or provided herein is relevant to this action.

## II.
## SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

**1.     GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, regarding the investigation of Colorado UIM claims; and (a) whether GEICO fully complied with same in handling Plaintiff's UIM claim, and (b) if not, why not.**

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad, ambiguous, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

**2.     GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, regarding the evaluation of Colorado UIM claims; and (a) whether GEICO fully complied with same in handling Plaintiff's UIM claim, and (b) if not, why not.**

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad, ambiguous, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

3.   **GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, regarding the negotiation and payment of Colorado UIM claims; and (a) whether GEICO fully complied with same in handling Plaintiff's UIM claim, and (b) if not, why not.**

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad, ambiguous, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

4.   **GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, regarding the avoidance of liability under C.R.S 10-3-1115 and 1116; and (a) whether GEICO fully complied with same in handling Plaintiff's UIM claim, and (b) if not, why not.**

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad, ambiguous, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

5.   **GEICO's knowledge, during the pendency of Plaintiff's UIM claim, regarding industry standards pertaining to the good-faith handling of Colorado UM/UIM claims; and identification of any documents the designated deponent used to prepare to testify about this subject.**

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, compound, to the extent it calls for a legal conclusion, if seeking information protected from disclosure by the attorney/client privilege, the work-product doctrine, or any other applicable privilege, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

6.     GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines, in effect during the pendency of Plaintiff's UIM claim, pertaining to the education and training of its Colorado UM/UIM claim personnel and managers; and identification of any documents the designated deponent used to prepare to testify about this subject.

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, compound, to the extent it seeks information protected from disclosure by the attorney/client privilege, the work-product doctrine, or any other applicable privilege, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

7.     The training and education Amy Akins received from GEICO during the five years preceding her last work on Plaintiff's UIM claim, regarding the handling of Colorado UM/UIM claims, including identification of all written materials used for this purpose.

**OBJECTIONS**:   In In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, compound, to the extent it seeks information protected from disclosure by the attorney/client privilege, the work-product doctrine, or any other applicable privilege, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

8.     The training and education Eddie McKee received from GEICO during the five years preceding his last work on Plaintiff's UIM claim, regarding the handling of Colorado UM/UIM claims, including identification of all written materials used for this purpose.

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, compound, to the extent it seeks information protected from disclosure by the attorney/client privilege, the work-product doctrine, or any other applicable privilege, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

9.      **The training and education Austin Bratton received from GEICO during the five years preceding his last work on Plaintiff's UIM claim, regarding the handling of Colorado UM/UIM claims, including identification of all written materials used for this purpose.**

**OBJECTIONS**: In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, compound, to the extent it seeks information protected from disclosure by the attorney/client privilege, the work-product doctrine, or any other applicable privilege, not limited in scope, and not proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

10.     **The training and education Branden Clegg received from GEICO during the five years preceding his last work on Plaintiff's UIM claim, regarding the handling of Colorado UM/UIM claims, including identification of all written materials used for this purpose.**

**OBJECTIONS**: In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, compound, to the extent it seeks information protected from disclosure by the attorney/client privilege, the work-product doctrine, or any other applicable privilege, not limited in scope, and not relevant or proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

11.     **The number of claim files Amy Akins was responsible for supervising during her work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.**

**OBJECTIONS**: In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, vague, compound, not

limited in scope, and neither relevant to the determination of any claims and/or issues involved in this case nor proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

**12.      The number of claim files Eddie McKee was responsible for handling during his work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.**

**OBJECTIONS**:   In In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, vague, compound, not limited in scope, and neither relevant to the determination of any claims and/or issues involved in this case nor proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

**13.      The number of claim files Austin Bratton was responsible for handling during his work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.**

**OBJECTIONS**:   In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as vague, ambiguous, compound, and not limited in scope.

**DESIGNATION OF WITNESS**:   In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, vague, compound, not limited in scope, and neither relevant to the determination of any claims and/or issues involved in this case nor proportional to the needs of the case.

**14.      The number of claim files Branden Clegg was responsible for handling during his work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.**

**OBJECTIONS**:   In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), ambiguous, vague, compound, not limited in scope, and neither relevant to the determination of any claims and/or issues involved

in this case nor proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

15.     **GEICO's supervision of Amy Akins' work on Plaintiff's UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.**

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad and not limited in scope (and particularly in seeking "identification of any documents"), vague and indefinite, compound, and neither relevant to the determination of any claims and/or issues involved in this case nor proportional to the needs of the case.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, and pursuant to the Stipulated Confidentiality and Protective Order entered by the Court in this case, GEICO designates Amy Akins to testify concerning this topic.

16.     **Whether GEICO contends in this action that Plaintiff failed to meet her contractual duty to cooperate in connection with her UIM claim; and if so, the specific respects in which GEICO contends that Plaintiff failed to meet her duty to cooperate.**

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as vague, ambiguous, compound, and not limited in scope.

**DESIGNATION OF WITNESS**:  Subject to and without waiving its foregoing General and Specific Objections, GEICO designates Amy Akins to testify concerning this topic.

17.     **The number, nature, and outcome of other lawsuits that have been filed against GEICO during the past five years in which it was alleged that GEICO breached its duty of good faith and fair dealing and/or violated C.R.S. 10-3-1115/1116 in connection with a Colorado UM/UIM claim; and identification of any documents the designated deponent used to prepare to testify about this subject.**

**OBJECTIONS**:  In addition to and without waiving the foregoing General Objections, GEICO specifically objects to this deposition topic as overly broad, vague and indefinite, compound, not limited in scope, and neither relevant to the determination of any claims and/or issues involved in this case nor proportional to the needs of the case, in that, among other things, it seeks information for a time period that is extended beyond the time period for the handling of Plaintiff's UM/UIM claim at issue.  Defendant further objects to this deposition topic as

harassing, nothing more than a mere fishing expedition, unduly burdensome, and also not proportional to the needs of the case in seeking information that has no bearing on the claims alleged. For instance, This is not a class action matter, and not a matter in which exemplary damages are being sought. In addition, GEICO objects to this deposition topic in seeking information equally available to Plaintiff.

**DESIGNATION OF WITNESS**: Subject to and without waiving its foregoing General and Specific Objections, GEICO reserves the right to rely on such objections, any ruling by the Court on GEICO's pending Motion for Protection regarding this topic in Plaintiff's Amended First Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), any briefing submitted thereafter as may be provided to the Court, directed by the Court, and/or through any agreements of or by the parties.

Respectfully submitted this 4th day of November 2016.

Respectfully submitted,

JOHNSON & STEPHENS, P.C.

*/ s / Christopher T. Colby*

Christopher T. Colby, #41042
4809 Cole Avenue, Suite 260
Dallas, Texas 75205
(214) 552-2866 - direct
(214) 919-5941 – fax
ccolby@jsllawfirm.com

**ATTORNEY FOR DEFENDANT
GOVERNMENT EMPLOYEES
INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2016, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on the following:

Thomas G. Tasker
WAHLBERG, WOODRUFF, NIMMO & SLOANE, LLP
4601 DTC Boulevard, Ste 950
Denver, CO 80237
303-571-5302
303-571-1806 (f)
tom@denvertriallawyers.com
*Attorneys for Plaintiff*

*/s/Christopher T. Colby*
Christopher T. Colby