**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 15-cv-02388-MSK-KMT

**JENNIFER DOROUGH,**

　　Plaintiff,

v.

**GEICO CASUALTY COMPANY,**

　　Defendant.

---

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION
AND MOTION TO RESTRICT ACCESS**

---

**THIS MATTER** comes before the Court pursuant to Ms. Dorough's Motion for Reconsideration **(# 83)** of an oral ruling made by the Court at a December 6, 2016 Motion Hearing **(# 82)**. At the time of this drafting, the Defendant's ("GEICO") time for responding under D.C. Colo. L. Civ. R. 7.1(d) had not yet run. Nevertheless, the Court is sufficiently advised as to the matters at issue as to permit ruling without awaiting a response. *Id.* Also pending is GEICO's Unopposed Motion to Restrict Access **(# 86)**.[1] To the extent that these motions were previously referred to the Magistrate Judge for consideration, the Court withdraws those references.

---

[1]　GEICO previously sought similar relief via an earlier motion **(# 85)**, but indicated that it intended the latter motion to supersede the earlier.

### A. Motion for Reconsideration

#### 1. Background

This case involves Ms. Dorough's claim that her auto insurer, GEICO, breached the terms of its insurance policy with her and handled her claim for UIM benefits in bad faith. The instant dispute concerns Ms. Dorough's request to conduct a second deposition of a GEICO official pursuant to Fed. R. Civ. P. 30(b)(6) even though Ms. Dorough has already deposed a designated GEICO official, Amy Akins.

A few background facts are helpful to the analysis. Ms. Dorough gave a Rule 30(b)(6) deposition notice to GEICO. In it, she listed 17 separate subjects about which she sought to inquire. She was particularly concerned with the first three subjects: GEICO's rules, standards, policies, [etc.] . . . regarding the <u>investigation of</u>, <u>evaluation of</u>, and <u>negotiation and payment of</u> Colorado UIM claims" and whether GEICO complied with those rules and policies.

In response, GEICO designated Ms. Akins as its representative to address the identified issues. Ms. Akins is a Unit Manager who supervised UIM claim handling for Colorado and New Mexico for approximately 10 years. She is the direct supervisor of the adjusters who handled Ms. Dorough's claim, and she is supervised by GEICO managers who oversee Region 5 (which includes Colorado and New Mexico), and, at least theoretically, by a "Performance Review Team" that randomly audits claim files to ensure that GEICO's policies are properly applied.

At the motion hearing, Ms. Dorough orally requested that she be able to take another 30 (b)(6) deposition of another GEICO employee. She argued that Ms. Akins was an improperly designated because Ms. Akins "was giving her own opinions and defending her own actions" when she was deposed, rather than providing information about GEICO's corporate policies and procedures. GEICO opposed the request arguing that Ms. Akins did not express her own

opinions at her deposition but instead, the position of GEICO, by which it was willing to be bound. In addition, GEICO explained that Ms. Akins was the person most knowledgeable about handling of Colorado UIM claims. The Court denied Ms. Dorough's request, but granted her leave to seek reconsideration if she had legal authority to support her position. The instant motion requests such reconsideration and asks that the Court "enter an order compelling GEICO to designate for a second Rule 30(b)(6) deposition on subjects 1, 2, and 3, a manager from GEICO's home office who is knowledgeable about GEICO's internal claim-handling standards and who, by virtue of a thorough review of the claim file, is fully prepared to state the entire corporation's position, opinion, and beliefs about whether Plaintiff's claim was handled in full compliance with those standards."

2. **Legal Standard**

Fed. R. Civ. P. Rule 30(b)(6) provides a mechanism by which parties may depose a business entity. The rule provides that the party noticing the deposition specify, in the Notice of Deposition, the particular areas of inquiry, and the deponent organization responds by designating one or more officials who will testify on its behalf with regard to the specified matters. The rule is designed to prevent the practice of "bandying," wherein "officers or managing agents of a corporation are deposed in turn by each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." *Advisory Committee Notes to 1970 Amendments*, *citing Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940, 944 (4th Cir. 1964). By its terms, Rule 30(b)(6) is a supplement to, not a replacement of, other discovery devices. Thus, "if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them" by noticing a specific individual's deposition under Rule 30(b)(1). *Id.* Once selected as the organization's Rule

3

30(b)(6) representative, the deponent "has the affirmative obligation to educate himself as to the matters regarding the [organization]," including "all matters that are known or reasonably available to" it. *Concerned Citizens v. Belle Haven Club,* 223 F.R.D. 39, 43 (D.Conn. 2004). Ultimately, it is the duty of the deponent to answer questions posed fully, completely, and without evasion. *S.E.C. v. Goldstone*, 301 F.R.D. 593, 647 (D.N.M. 2014).

### 3. Analysis

The Court has reviewed Ms. Dorough's motion and the excerpts from Ms. Akins' deposition that Ms. Dorough has attached. The excerpts reveal that Ms. Akins is the most experienced person in GEICO's management with respect to handling of claims in Colorado, having worked in that position for 19 years. She testified that GEICO does not offer Colorado-specific training on handling UIM claims, and that any training on that subject occurs between the manager, the supervisor, and the adjusters as "kind of just on-the-job training . . . as they handled claims." As to general adjuster training, Ms. Akins testified that adjusters go to a "preschool," then complete a course known as the Central Liability School, complete a "post-school," and then annual complete a training program on GEICO's Claims Code of Conduct. Ms. Akins conceded that she herself had not completed the preschool or Central Liability School programs, nor had she consulted with the trainers for those programs as part of her deposition preparation. She testified that although she had not completed the post-school, she consulted with the trainer for the post-school program prior to the deposition and confirmed that that program did not entail any state-specific instructions. She testified about the Code of Conduct training from her personal knowledge.

Ms. Akins was asked her opinion as to whether the adjusters had properly handled Ms. Dorough's claims according to GEICO's policies and procedures. Ms. Akins testified that the

4

claim was properly handled in all respects. Ms. Dorough's counsel preceded this inquiry with a string of questions as to whether Ms. Akins had consulted with any other GEICO officials on that issue as part of her deposition preparation, and Ms. Akins answered that she had not. Ms. Dorough's counsel concluded that string of questions by asking Ms. Akins to agree that, as a result, "we're basically here to talk about your personal opinion about how this claim was handled, correct?," to which Ms. Akins answered "Correct."

Based on the record before it, the Court finds that GEICO properly designated Ms. Akins as a qualified representative to speak on its behalf with regard to issues one through three as listed on the Notice of Deposition. Once again, those subjects entailed "GEICO's rules, standards, policies, practices, procedures, protocols, directives, manuals or guidelines . . . regarding the" investigation, evaluation, and negotiation of "Colorado UIM claims." The Court must assume that Ms. Dorough's specific reference to "Colorado UIM claims" in these subjects is significant. Ms. Dorough did not ask to depose a representative about GEICO's "rules, standards, [and] policies" generally; she specifically asked about those policies as they related to claims arising under <u>Colorado</u> law. Thus, it was appropriate for GEICO to designate its official with the most knowledge and experience concerning claims arising under Colorado law, and it appears to be undisputed that that person is Ms. Akins. Although Ms. Akins clearly has her own supervisor and additional layers of corporate management above her, there is no indication that these individuals have particularized experience with Colorado law, much less more experience than Ms. Akins on that subject. Thus, the record reflects that Ms. Akins was an appropriate official to designate to respond to subjects one through three.

Moreover, the portion of the record before the Court indicates that Ms. Akins was fully responsive on these subjects. She testified on several occasions that GEICO did not maintain

5

any rules, standards, policies, etc. that specifically concerned Colorado insurance law,[2] and that GEICO's general claims-handling rules and policies would apply equally to claims arising in Colorado. Nothing in the deposition excerpt provided to the Court suggests that Ms. Akins denied having knowledge about any aspect of GEICO's generally-applicable claims handling rules or procedures, and thus, the Court will assume that she answered all of Ms. Dorough's questions on that subject. And the record reflects that, consistent with subjects one through three in the Notice of Deposition, Ms. Akins was able to provide her opinion (and thus, GEICO's opinion) as to whether those rules and procedures were properly followed in the handling of Ms. Dorough's claim. Thus, Ms. Akins provided all of the testimony requested in subjects one through three of the Notice of Deposition.

The record reveals that Ms. Akins may not have been fully apprised of the nature and contents of <u>training</u> that adjusters receive, such as the subjects taught in the preschool or Central Liability School. But the scope of adjusters' training is not encompassed by subjects one through three in the Notice of Deposition; if anything, that training is addressed in subjects seven through ten, which ask about "the training and education [various individuals] received from GEICO . . . including identification of all written materials used for this purpose." Ms. Dorough's instant motion is clear that she seeks only the opportunity to conduct another Rule 30(b)(6) deposition with regard to subjects one through three in the Notice, and thus, Ms. Akins' alleged lack of knowledge with regard to <u>different</u> subjects is of no concern here.

Thus, the Court is left solely with the fact that, in response to leading questions by Ms. Dorough's counsel, Ms. Akins testified that she was giving "your own opinion" about various

---

[2] She did testify about a "Technical Claims Memorandum" that GEICO issued to inform its staff about a particular ruling by the Colorado Supreme Court. It is undisputed that Ms. Akins produced that document to Ms. Dorough's counsel during the deposition.

matters.  The Court ascribes little significance to such testimony.  Ms. Akins was designated by GEICO to provide factual responses about its policies and practices, and she clearly did so.  To the extent Ms. Dorough requested that GEICO designate a representative to provide an opinion about certain matters, GEICO again tendered Ms. Akins as a person qualified to render such opinions, and it is clear that Ms. Akins did so.  One can reasonably assume that, in those circumstances, "GEICO's opinion" is the same as Ms. Akins' own "personal" opinions on those subjects.  Certainly, Ms. Dorough does not point the Court to any collateral evidence that would suggest that other GEICO officials have a different opinion on the subject (say, a memorandum to Ms. Akins criticizing her supervision of Ms. Dorough's claims or a performance evaluation criticizing her adjusters' adherence to company policies).

Although Ms. Dorough may be dissatisfied with the answers given by Ms. Akins and might hope that a different GEICO official would give different answers, the record gives no indication whatsoever that such an official might exist.  More importantly, Ms. Dorough's request is one that would undermine the purpose of Rule 30(b)(6), which allows the organization to select the representative it believes is most appropriate to speak for it.  *See Goldstone*, 301 F.R.D. at 647-48 ("a corporation may designate any person as a corporate representative if he or she can meet the necessary criteria to satisfy rule 30(b)(6)," citing with approval the proposition that "There is no rule that would prevent corporate counsel, or even a corporation's litigation counsel, from serving as a Rule 30(b)(6) deponent").  Rule 30(b)(6) does not entitle Ms. Dorough to control who GEICO designates to speak for it, so long as the representative it presents can speak knowledgeably on the specified subjects.  *See Univ. of Kansas v. Sinks*, 565 F.Supp.2d 1216, 1226 (D.Kan. 2008) ("While defendants make a strong case for why Vander Tuig would have most certainly been a suitable Rule 30(b)(6) designee for KU, they do not make

7

any showing about why Gordzica was not"). And if Ms. Dorough had reason to believe that a specific GEICO official would have given testimony contrary to that of Ms. Akins on a particular subject, she was free to notice that specific official for a deposition either in addition to or in lieu of Ms. Akins.

Accordingly, Ms. Dorough's Motion for Reconsideration **(# 83)** is **DENIED**. No additional Rule 30(b)(6) deposition will be permitted.

### B.  Motion to Restrict Access

GEICO moves to restrict public access to Ms. Dorough's Motion for Reconsideration and its accompanying exhibits (specifically, the Rule 30(b)(6) Notice of Deposition and certain excerpts from Ms. Akins' deposition). It argues, in fairly conclusory terms, that these documents reveal "discussions and aspects of . . . GEICO's UIM claims handling and claims training practices, processes, and procedures, which GEICO considers to be proprietary, trade-secret, confidential, non-public, and/or commercially sensitive."

The Court need not offer an extensive analysis on this motion. Nothing in the cited documents even remotely discloses any sort of information that could be considered sensitive or proprietary. Of the three documents at issue, Ms. Akins' deposition transcript is the most specific, and even that document discloses little more than the fact that GEICO adjusters go to various training programs, the contents of which Ms. Akins does not discuss. Indeed, the lack of specificity in GEICO's motion as to the particular contents of the record that would pose a risk of competitive harm if disclosed is indicative of the fact that nothing in the record begins to approach such a threshold. The mere fact that the parties have agreed to keep such information private does not warrant a restriction on the public's right to access records that have been submitted to the Court for adjudication. D.C. Colo. L. Civ. R. 7.2(c)(2).

Accordingly, GEICO's motion to restrict **(# 85, 86)** is also **DENIED.** The Clerk of the Court shall lift all provisional restrictions placed on the entries at Docket # 83.

Dated this 23rd day of December, 2016.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge